**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-02047-WYD-KLM

CHAD M. SAYLER,

      Plaintiff,

v.

VARGO & JANSON, P.C., et al.,

      Defendants,

v.

CHAD M. SAYLER and
MATTHEW R. OSBORNE,

      Counter-defendant and third-party.

---

**ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT**

---

Defendants Vargo & Janson, P.C. and John P. Vargo, by and through their attorneys, VINCI LAW OFFICE, LLC, submit their Answer to Plaintiff's Complaint and Counterclaim and Third-party Complaint against Plaintiff and Matthew R. Osborne, as follows:

**<u>ANSWER</u>**

1.     Plaintiff's paragraph 1 does not contain allegations requiring a response, to the extent that one may construe allegations to be asserted in Plaintiff's paragraph 1, they are denied.

2.     Defendants admit that jurisdiction is proper pursuant to 28 U.S.C. § 1331. Defendants deny the remaining allegations contained in Plaintiff's paragraph 2.

3.     Defendants admit that venue is proper in this district.  Defendants deny any remaining allegations in Plaintiff's paragraph 3.

4.     Defendants are without sufficient information to affirm or deny Plaintiff's paragraph 4.  Therefore, they must deny the same.

5.      Defendants admit the allegations contained in Plaintiff's paragraph 5.

6.      Defendants are without sufficient information to affirm or deny Plaintiff's paragraph 6.  Therefore, they must deny the same.

7.      Defendants are without sufficient information to affirm or deny Plaintiff's paragraph 7.  Therefore, they must deny the same.

8.      Defendants are without sufficient information to affirm or deny Plaintiff's paragraph 8.  Therefore, they must deny the same.

9.      Defendants deny the allegations contained in Plaintiff's paragraph 9.

10.     Defendants admit the allegations contained in Plaintiff's paragraph 10.

11.     Defendants are without sufficient information to affirm or deny Plaintiff's paragraph 11.  Therefore, they must deny the same.

12.     Defendants are without sufficient information to affirm or deny Plaintiff's paragraph 12.  Therefore, they must deny the same.

13.     Defendants are without sufficient information to affirm or deny Plaintiff's paragraph 13.  Therefore, they must deny the same.

14.     Defendants admit the allegations contained in Plaintiff's paragraph 14.

15.     Defendants admit the allegations contained in Plaintiff's paragraph 15.

16.     Defendants deny the allegations contained in Plaintiff's paragraph 16.

17.     Defendants deny the allegations contained in Plaintiff's paragraph 17.

18.     Defendants admit that a Verified Complaint was drafted by V&J representing Marshal Recovery, LLC.  Defendants deny the other allegations and inferences contained in Plaintiff's paragraph 18.

19.     Defendants state that the pleading speaks for itself and admit contents of the pleading as they exist.  Defendants deny any other allegations and inferences contained in Plaintiff's paragraph 19.

20.     Defendants state that the pleading speaks for itself and admit contents of the pleading as they exist.  Defendants deny any other allegations and inferences contained in Plaintiff's paragraph 20.

21.    Defendants state that the pleading speaks for itself and admit contents of the pleading as they exist.  Defendants deny any other allegations and inferences contained in Plaintiff's paragraph 21.

22.    Defendants admit a state court complaint was served upon the Plaintiff and the court record speaks for itself.  Defendants deny the remaining allegations and inferences contained in Plaintiff's paragraph 22.

23.    Defendants deny the allegations contained in Plaintiff's paragraph 23.

24.    Defendants deny the allegations contained in Plaintiff's paragraph 24.

25.    Defendants state the pleadings and state court record speak for themselves and admit the Verified Complaint was filed in Larimer County.  Defendants deny the allegations and inferences contained in Plaintiff's paragraph 25.

26.    Defendants deny the allegations contained in Plaintiff's paragraph 26.

27.    Defendants state the pleadings and state court record speak for themselves and admit that various documents were filed in Larimer County.  Defendants deny the allegations and inferences contained in Plaintiff's paragraph 27.

28.    Defendants state the pleadings and state court record speak for themselves and admit that various documents were filed in Larimer County.  Defendants deny the allegations and inferences contained in Plaintiff's paragraph 28.

29.    Defendants deny the allegations contained in Plaintiff's paragraph 29, even if in existence, any improper agreement was tendered by clerical error.

30.    Defendants are without sufficient information to affirm or deny Plaintiff's paragraph 30.  Therefore, they must deny the same.

31.    Defendants deny the allegations contained in Plaintiff's paragraph 31.

32.    Defendants deny the allegations contained in Plaintiff's paragraph 32.

33.    Defendants deny the allegations contained in Plaintiff's paragraph 33.

34.    Defendants deny the allegations contained in Plaintiff's paragraph 34.

35.    Defendants state the pleadings and state court record speak for themselves and admit that various documents were filed in Larimer County.  Defendants deny the allegations and inferences contained in Plaintiff's paragraph 35.

36.    Defendants state the pleadings and state court record speak for themselves.  Plaintiff's paragraph 36 does not contain allegations requiring a response, to the

extent that one may construe allegations to be asserted in Plaintiff's paragraph 36, they are denied.

37.   Defendants state the pleadings and state court record speak for themselves. Plaintiff's paragraph 37 does not contain allegations requiring a response, to the extent that one may construe allegations to be asserted in Plaintiff's paragraph 37, they are denied.

38.   Defendants deny the allegations contained in Plaintiff's paragraph 38.

39.   Defendants deny the allegations contained in Plaintiff's paragraph 39.

40.   Defendants deny the allegations contained in Plaintiff's paragraph 40.

41.   Defendants deny the allegations contained in Plaintiff's paragraph 41.

42.   Defendants deny the allegations contained in Plaintiff's paragraph 42.

43.   Defendants deny the allegations contained in Plaintiff's paragraph 43.

44.   Defendants state the pleadings and state court record speak for themselves and admit that various documents were filed in Larimer County. Defendants further admit that a dismissal without prejudice was filed  Defendants deny any remaining allegations and inferences contained in Plaintiff's paragraph 44.

45.   Defendants deny the allegations contained in Plaintiff's paragraph 45.

46.   Defendants deny the allegations contained in Plaintiff's paragraph 46.

47.   Defendants deny the remaining allegations contained in Plaintiff's paragraphs 47 through 87, including any and all allegations contained in sub-paragraphs of paragraphs 47 through 87.

48.   Defendants further assert that Plaintiff's claim for fraud and conspiracy are not pled with sufficient particularity required by law and should be dismissed.

49.   Defendants' actions under FCRA were authorized by 15 U.S.C. §1681 *et seq.*

50.   Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.   Defendants reincorporate all the above denials herein and assert the following affirmative defenses:

2.   Plaintiff has failed to state any claims upon which relief may be granted.

3.      Plaintiff's claims are barred by applicable statutes of limitation.

4.      Plaintiff's action is groundless, frivolous and vexatious.

5.      To the extent that the jury may find any violations of the Fair Debt Collection Practices Act ("FDCPA") and/or Fair Credit Reporting Act (FCRA), any such violation being expressly denied by Defendant, liability for any such violation is barred by 15 U.S.C. § 1692k(c).  Any violation of the law or damage suffered by Plaintiff, any of which is expressly denied by Defendants, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

6.      Plaintiff has not suffered any damages.

7.      To the extent that Plaintiff has suffered any damages, which is expressly disputed by Defendants, Plaintiff has failed to mitigate any such damages.

8.      Plaintiff's claims are barred because the claimed injury and damages were not proximately cause by any acts or omissions of the Defendants.

9.      Plaintiff's claims are barred because Plaintiff's causation of injuries, injuries claimed and the damages claimed, if any, were or may have been caused by the conduct of third parties, which Defendants have no control, including but not limited to, the prior, intervening or superseding conduct of third parties.

10.     Plaintiff, without action of any other parties or entity, has caused his own injuries and damages.

11.     Plaintiff's claims may be barred by estoppel, waiver and/or laches.

12.     Plaintiff's claims may be barred or diminished by Defendants' right to setoff and/or recoupment arising from defaults, deficiencies or otherwise.

13.     Plaintiff has failed to join necessary and indispensable parties required under F.R.C.P or required for a just adjudication of his claims.

14.     Plaintiff's claims are barred by the doctrine of unclean hands or *in pari delicto* or both.

15.     Defendants are not liable for any actions of its agents or employees committed outside the line and scope of their employment.

16.     Defendants did not breach any legal duty to the Plaintiff.

17.     Defendant John Vargo was acting as an employee and is protected by Colorado Corporate Code.

18.     Plaintiff's claim is barred by the doctrine of unjust enrichment.

19.     Plaintiff's claims are barred by 15 U.S.C. § 1692a(6)(A) thru (F).

20.      Plaintiff's claims are barred by 15 U.S.C. § 1692b.

21.     Plaintiff's claims are brought in bad faith and for the purpose of harassment, as defined in 15 U.S.C. § 1692k(3).

22.     Defendants' actions complained of herein are authorized, acceptable and in compliance with 15 U.S.C. § 1681 *et seq.* and  15 U.S.C. § 1692 *et seq.*

23.     There is no private cause of action for violations under 15 U.S.C. §§ 1681n or §1681o pursuant to 15 U.S.C. § 1681s-2(a)

24.     Plaintiff's actions or inaction is in violation of 15 U.S.C. § 1681 *et seq.* and 15 U.S.C. § 1692 *et seq.*

25.     Defendants further assert any further affirmative defenses set forth in F.R.C.P. 8(c) and 12(b), and any affirmative defense available under 15 U.S.C. § 1681 *et seq.,*and 15 U.S.C. § 1692 *et seq.*

26.     Defendants reserve the right to assert additional affirmative defenses that become known through the course of discovery.

## <u>COUNTERCLAIMS AND THIRD PARTY COMPLAINT</u>

1.      Defendants fully incorporate herein the above denials and aversions stated in its Answer and Affirmative Defense section and Defendants assert the following counterclaims against the Plaintiff and his counsel of record, Matthew R. Osborne.

2.      Jurisdiction is proper under 28 U.S.C. § 1367.

### <u>Breach of Contract/Accounts Stated- Chad M. Sayler</u>

3.      Plaintiff entered into a contract with U.S. Bank, N.A., for credit services.  Defendant V&J is the assignee of said account.

4.      Services were rendered and Plaintiff made charges on the credit account. Accounts were stated between Plaintiff and Defendant. Plaintiff has failed and refused to pay the remaining amounts due under contract.

5.  Plaintiff owes Defendant V&J, $14,480.39 Principal, $15,857.89 Interest at 31.40% from February 29, 2008  pursuant to contract, $174.07 Costs, totaling $30,512.35, plus attorney's fees pursuant to contract.

## Abuse of Process- Chad M. Sayler and Matthew R. Osborne

6.  Plaintiff and his attorney have filed a complaint that provides no basis in law to recover damages.  Plaintiff further knows the allegations made in his complaint are baseless and groundless.

7.  Plaintiff's claims are asserted against the Defendants for an ulterior purpose. The purpose of Plaintiff's claims are to harass the Defendants, mock judicial process integrity and to coerce the Defendants into paying money to avoid litigation to defend this frivolous, groundless and vexatious action. Furthermore, Plaintiff and his attorney seek recovery despite not pleading a recoverable cause of action based upon known facts that are clearly known to the Plaintiff or should be known to counsel through proper investigation under F.R.C.P. 11.

8.  Despite clear, concise and unequivocal knowledge of facts negating Plaintiff's claim, Plaintiff's counsel, Matthew R. Osborne, in contradiction to his obligations under F.R.C.P. 11, filed the action herein without demand or investigation of the basis for his client's claim.  Sanctions and judgment on this claim are appropriate.

9.  Plaintiff's actions are willful in filing the Complaint and the filing thereof uses this legal proceeding in an improper manner and by doing so abuses the legal process.

10.  Defendants have been damaged in an amount to be determined at trial.

WHEREFORE, Defendants Vargo & Janson, P.C. and John P. Vargo demand that any and all of Plaintiff's claims be dismissed with prejudice and further award a judgment against Plaintiff for breach of contract and against Plaintiff and Matthew R. Osborne for abuse of process and sanctions under F.R.C.P.  Defendants further request an award of attorney fees for Plaintiff and his counsel's groundless, frivolous and vexatious action and under the FRCA and FDCPA because this action is brought for the purposes of harassment and other improper purposes under both code sections.  Defendants request other just and proper relief as the Court may grant.

DATED this 29th day of August, 2011.

VINCI LAW OFFICE, LLC

s/ Bryan W. Thomas
Benjamin D. Vinci
Bryan W. Thomas
3091 S. Jamaica Court, Suite 150
Aurora, Colorado 80014
303-512-0340 Phone
Email: ben@vincilaw.com
          bryan_t@vincilaw.com